UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN WELLS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TULALIP TRIBAL COURT, et al.,<br><br>　　　　　Respondents. | CASE NO. C23-0239JLR<br><br>SHOW CAUSE ORDER |

Before the court are: (1) Petitioner Ryan Wells's motion for a temporary restraining order ("TRO") (TRO Mot. (Dkt. # 10)); (2) Respondents the Tulalip Tribal Court and the Honorable Mark Pouley's (collectively, the "Respondents") response thereto (Resp. (Dkt. # 25)); (3) an order by the Tulalip Tribal Court dismissing non-party Angel Wells's petition for a domestic violence restraining order against Mr. Wells for lack of subject matter jurisdiction (2d Decl. of Staff (Dkt. # 24) ¶ 1, Ex. 1 ("Tulalip Order")); (4) an order from the Snohomish County Superior Court directing the return of Mr. Wells's minor children to him (3d Decl. of Staff (Dkt. # 27) ¶ 1, Ex. 1 ("Return

SHOW CAUSE ORDER - 1

1  Order")); and (5) an order from the Snohomish County Superior Court granting Mr.
2  Wells's petition for a writ of habeas corpus and ordering that his and Ms. Wells's
3  children return to Florida (*id.* ¶ 2, Ex. 2 ("Habeas Order")).
4        Mr. Wells brought this action to regain custody of his minor children, who were in
5  the custody of their mother, Angel Wells, and subject to a temporary protective order
6  issued by the Tulalip Tribal Court. (*See* Habeas Pet. (Dkt. # 1); *see also* 1st Decl. of Staff
7  ¶ 5, Ex. 5 ("Protective Order").) Ms. Wells had also filed an *ex parte* petition for a
8  domestic violence restraining order against Mr. Wells with the Tulalip Tribal Court. (*See*
9  1st Decl. of Staff ¶ 9, Ex. 9 ("DV Restraining Order").) Mr. Wells had obtained a "Pick
10 Up" order from a court in Florida, where the family had lived together until
11 mid-December 2022.[1] (*Id.* ¶ 2, Ex. 2 ("Pick Up Order").) The Pick Up Order authorized
12 Mr. Wells to pick up his minor children and return with them to Florida. (*Id.*)
13       On February 22, 2023, Mr. Wells filed a petition for a writ of habeas corpus on
14 behalf of his children, seeking their release from their mother's custody and asking this
15 court to vacate the Tribal Court's Protective Order and DV Restraining Order. (*See*
16 Habeas Pet. at 1.) Mr. Wells's TRO motion seeks an emergency hearing on his habeas
17 petition as well as attorneys' fees. (*See* TRO Mot. at 1; *see also* Habeas Pet.)
18       On February 27, 2023, this court held a hearing regarding a briefing schedule for
19 Mr. Wells's TRO motion and ordered the parties to file responses after a March 1, 2023

---

[1] Florida exercises jurisdiction over the divorce and custody dispute between Mr. and Ms. Wells pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act. (1st Decl. of Staff ¶ 3, Ex. 3.)

SHOW CAUSE ORDER - 2

hearing in the Tulalip Tribal Court regarding the underlying DV Restraining Order. (*See* 2/27/23 Min. Order (Dkt. # 23).) On March 1, 2023, the Tulalip Tribal Court dismissed the DV Restraining Order and terminated the Protective Order for lack of subject matter jurisdiction. (*See* Tulalip Order at 8-11.[2]) On March 6, 2023, the Snohomish County Superior Court issued the Return Order, in which the court ordered that the children be returned to Mr. Wells. (*See* Return Order.) The Snohomish County Superior Court further granted Mr. Wells's petition for a writ of habeas corpus and ordered that the children be returned to Florida. (Habeas Order at 10.)

By dismissing or terminating the Protective Order and DV Restraining Order and by returning Mr. Wells's children to his care, the Tulalip Tribal Court and the Snohomish County Superior Court have granted the relief Mr. Wells seeks in his habeas petition.[3] (*See* Tulalip Order; Return Order; Habeas Order; *see also* Habeas Pet.) However, Mr. Wells has not withdrawn his TRO motion or his habeas petition. (*See* Dkt.) Accordingly, the court ORDERS Mr. Wells to either WITHDRAW his TRO Motion (Dkt. # 10) and his habeas petition (Dkt. # 1) or SHOW CAUSE why this case should not be dismissed as moot. Mr. Wells must file a response no later than **March 8, 2023**. Failure to respond will result in dismissal of this action without prejudice.

//

---

[2] The court cites the page numbers in the CM/ECF header when citing the exhibits to the Declarations of Staff.

[3] The court takes no position on whether these remedies were available to Mr. Wells in this action. (*See* 2/27/23 Min. Order (directing the parties to brief this question).)

Dated this 7th day of March, 2023.

_____
JAMES L. ROBART
United States District Judge